UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-12227-RGS

BRENDA KATZ,
on behalf of herself and all others similarly situated

v.

PERSHING, LLC

MEMORANDUM AND ORDER ON MOTION TO DISMISS

March 28, 2011

STEARNS, D.J.

Plaintiff Brenda Katz maintains an account at National Planning Corporation (NPC), an "introducing firm" to which defendant Pershing, a securities clearing house, provided a proprietary software platform called NetExchange Pro. The platform allows brokerage firms to access and manage their customers' accounts over the Internet. As a necessity of doing business, NPC allows certain employees the ability to access non-public personal information (NPPI) (including Social Security numbers, taxpayer identification numbers, and bank account numbers) over NetExchange Pro.

On December 23, 2010, Katz filed a putative class action Complaint alleging claims for: violation of the Massachusetts Unfair and Deceptive Trade Practices Act, Mass. Gen. Laws ch. 93A; violation of other (unspecified) states' unfair trade practices statutes; breach of contract; breach of implied contract; negligent breach of contractual

duties; unjust enrichment; and equitable relief. On March 11, 2011, Pershing filed the instant Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). Katz has not opposed the motion.

Pershing rests its motion principally on the fact that Katz's Complaint fails to allege any injury-in-fact; therefore, she lacks standing to bring the claims. To demonstrate standing, a plaintiff must show: (1) an injury-in-fact and an invasion of a legally protected interested which is (a) concrete and particularized, and (b) actual or imminent and not conjectural and hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) that the injury is likely to be redressed by the requested relief. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOL), Inc.*, 528 U.S. 167, 180-181 (2000) (citation omitted).

In the Complaint, Katz does not allege that any of her NPPI has been lost, stolen, disclosed, or accessed by an unauthorized person; nor does she allege any facts regarding the amount of the "fees" she allegedly paid indirectly to Pershing. *See* Def.'s Mem. at 6. Instead, she complains of "Pershing's reckless, improper and/or unlawful failure to safeguard the [NPPI]." Compl. ¶ 2. Pershing persuasively argues that any potential injury that Katz might suffer at some point in the future because of a misappropriation of her NPPI is far too speculative to satisfy standing requirements; therefore, she has failed to satisfy the injury-in-fact requirement. *See Sea Shore Corp.*

*v. Sullivan*, 158 F.3d 51, 56 (1st Cir. 1998) ("Future injury must be imminent to qualify as injury-in-fact" in order to ensure that the "alleged injury is not too speculative.").[1] Even where courts have found that actual NPPI loss has occurred, a plaintiff's standing is not assured.[2] At least four federal courts to date reviewing data loss claims have dismissed complaints on similar standing grounds.[3]

### ORDER

Because Katz has failed to establish standing to bring the claims, as Fed. R. Civ. P. Rule 12(b)(1) requires, the court will <u>ALLOW</u> Pershing's Motion to Dismiss.[4] The

---

[1] Nor can standing be based on the "fees" Katz claims to have been indirectly charged by Pershing, as she has pointed to no agreement between NPC and Pershing to support her allegation that secret fees were being paid for data protection services or that those fees were passed on to NPC's customers like herself.

[2] *See, e.g., Hammond v. Bank of New York Mellon Corp.*, 2010 WL 2643307, at *8 (S.D.N.Y. June 25, 2010), in which the court found no Article III standing where plaintiffs alleged an increased risk of identity theft after a confirmed loss of NPPI data because the potential for future injury as a result of the data loss was too "speculative" or "hypothetical."

[3] *See* Def.'s Mem. at 8 n.6.

[4] The court also notes that Katz filed an almost identical lawsuit in the District of Florida. The Florida Complaint was dismissed on Rule 12(b)(1) as well as Rule 12(b)(6) grounds. *See Irv Zeldman v. Pershing LLC*, No. 09-22609 (filed September 2, 2009).

Clerk will enter the dismissal and close the case.[5]

> SO ORDERED.
>
> /s/ Richard G. Stearns
> _____
> UNITED STATES DISTRICT JUDGE

---

[5] The court declines to address the alternate ground for dismissal urged by Pershing pursuant to Fed. R. Civ. P. 12(b)(6). "When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first. . . . It is not simply formalistic to decide the jurisdictional issue when the case would be dismissed in any event for failure to state a claim. Different consequences flow from dismissals under 12(b)(1) and 12(b)(6): for example, dismissal under the former, not being on the merits, is without res judicata effect." *Ne. Erectors Ass'n of the BTEA v. Sec'y of Labor*, 62 F.3d 37, 39 (1st Cir. 1995). A court is permitted to look beyond the pleadings to determine jurisdiction on a 12(b)(1) motion, hence the formality of converting the motion to one for summary judgment need not be observed. *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002); *Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 37-38 (1st Cir. 2000).